IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS CIMIENTOS,<br><br>      Petitioner,<br>  v.<br><br>SCOTT FRAUENHEIM, Warden,[1]<br><br>      Respondent.                   / | No. C 14-0016 CW (PR)<br><br>ORDER GRANTING MOTIONS TO APPOINT COUNSEL AND FOR LEAVE TO PROCEED IN FORMA PAUPERIS<br><br>(Docket nos. 2, 5) |

    Petitioner, a state prisoner proceeding pro se, moves for appointment of counsel to represent him on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He also moves for leave to proceed in forma pauperis.  For good cause appearing, the Court grants both motions.

    Petitioner moves, through an English-speaking inmate, for appointment of counsel on the ground that he speaks Spanish only.  As evidence of this, he submits with his motion letters from his appellate attorney written to him in Spanish.  The English-speaking inmate states that he speaks English, but he does not know what to do on behalf of Petitioner in this case.

    The Sixth Amendment's right to counsel does not apply in habeas corpus actions.  Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986).  However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner

---

[1] Petitioner does not include Respondent's name in the caption of his filings.  Because Petitioner is incarcerated at Pleasant Valley State Prison (PVSP), Respondent is PVSP Warden Scott Frauenheim.

whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." The decision to appoint counsel is within the discretion of the district court. Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965).

The Court finds that the record shows that Petitioner, who only speaks Spanish, is unable to represent himself in this action. Furthermore, Petitioner submits his state appellate brief and, from this, it appears that he has cognizable claims for habeas relief. For this reason, the interests of justice justify the appointment of counsel. Accordingly, Petitioner's request for the appointment of counsel is GRANTED.[2]

In light of the foregoing, the Court orders as follows:

1. Petitioner's motion to proceed IFP is GRANTED.

2. Petitioner's request for appointment of counsel is GRANTED.

3. In the interests of justice and good cause appearing, and pursuant to 18 U.S.C. § 3006A(g), this matter is hereby REFERRED to the Federal Public Defender's Office to represent Petitioner or find counsel to be appointed to represent him.

---

[2] Petitioner has established his indigency in connection with his IFP application (docket no. 5).

2

Counsel should file a petition if warranted. The Clerk of Court shall send a copy of this Order to the Federal Public Defender's Office and to Petitioner.

4. Within sixty (60) days from the date counsel is appointed, counsel shall file a petition for a writ of habeas corpus, or inform the Court that a petition is not warranted.

5. The Court will set a briefing schedule when counsel files the petition.

6. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than ten (10) days prior to the deadline sought to be extended.

7. This Order terminates Docket nos. 2 and 5.

IT IS SO ORDERED.

Dated: 3/21/2014

CLAUDIA WILKEN
United States District Judge