**FEDERAL PUBLIC DEFENDER**
NORTHERN DISTRICT OF CALIFORNIA
19TH FLOOR FEDERAL BUILDING - BOX 36106
450 GOLDEN GATE AVENUE
SAN FRANCISCO CA 94102

**STEVEN G. KALAR**
*Federal Public Defender*

Telephone (415) 436-7700
Fax (415) 436-7706

TO: Judge Freeman

May 2, 2014

RE: CASE NAME: Nicolas Cimientos v. Scott Frauenheim
PETITIONER: Nicolas Cimientos
U.S.D.C. #: C-14-00016-BLF

---

We are sending to Your Honor the attached proposed Order Re: Appointment of and Authority to Pay Court Appointed Counsel for the following action:



[ X ] 1. Signature and court order date or Nunc Pro Tunc date of Judge / Magistrate Judge confirming that **Nicolas Cimientos**, a petitioner in the above case, has testified under oath or has otherwise satisfied the Court that he or she : (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the Court finds him or her indigent, therefore; this Court approves the appointment of **Peter Goldscheider** to represent him or her in this case.

* If no financial declaration (CJA-23) was completed and filed in court, please let me know so I can make a follow-up with the appointed counsel in completing this CJA requirement.

[ ] 2. Signature and date of Judge (Block 13) reflecting the court order for appointment of counsel on **appeal**. Please see attached order from the United States Court of Appeals requesting the appointment of counsel for "person represented" (indicated on item 2 of the attached voucher).

[ ] 3. Signature and court order date or Nunc Pro Tunc date of Judge/Magistrate Judge confirming the appointment of Stanby Counsel / Advisory Counsel: (1) to assist the pro se defendant in his or her defense and (2) to protect the integrity and ensure the continuity of the judicial proceedings in this case. This also confirms that the financially eligible pro se defendant has waived representation by counsel and has agreed to be represented, at least in part, by Stanby Counsel / Advisory Counsel.

[ X ] 4. To refresh Your Honor's recollection, please see attached USDC Order granting motions to appoint counsel signed by Judge Wilken.

Very truly yours,

STEVEN G. KALAR
Federal Public Defender

Ruben P. Deang Jr.
Panel Administrator

United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **Nicolas Cimientos** | ) | |
| **Petitioner,** | ) | **C-14-00016-BLF** |
| **vs** | ) | |
| **Scott Frauenheim** | ) | **ORDER RE: CJA APPOINTMENT OF AND AUTHORITY TO PAY COURT APPOINTED COUNSEL** |
| **Respondent.** | ) | |

The individual named above as petitioner, having testified under oath or having otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and, because the interests of justice so require, the Court finds that the petitioner is indigent, therefore;

IT IS ORDERED that the attorney whose name, address and telephone number are listed below is appointed to represent the above petitioner.

Peter Goldscheider
438 Cambridge Ave., Ste. 250
Palo Alto CA 94306
(650) 323-8296

Beth Labson Freeman

Appointing Judge - Judge Freeman

May 5, 2014
Date of Order

May 1, 2014
Nunc Pro Tunc Date

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NICOLAS CIMIENTOS,

Petitioner,

v.

SCOTT FRAUENHEIM, Warden,[1]

Respondent.
/

No. C 14-0016 CW (PR)

ORDER GRANTING MOTIONS TO APPOINT COUNSEL AND FOR LEAVE TO PROCEED IN FORMA PAUPERIS

(Docket nos. 2, 5)

Petitioner, a state prisoner proceeding pro se, moves for appointment of counsel to represent him on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also moves for leave to proceed in forma pauperis. For good cause appearing, the Court grants both motions.

Petitioner moves, through an English-speaking inmate, for appointment of counsel on the ground that he speaks Spanish only. As evidence of this, he submits with his motion letters from his appellate attorney written to him in Spanish. The English-speaking inmate states that he speaks English, but he does not know what to do on behalf of Petitioner in this case.

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner

[1] Petitioner does not include Respondent's name in the caption of his filings. Because Petitioner is incarcerated at Pleasant Valley State Prison (PVSP), Respondent is PVSP Warden Scott Frauenheim.

United States District Court
For the Northern District of California

whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." The decision to appoint counsel is within the discretion of the district court. Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965).

The Court finds that the record shows that Petitioner, who only speaks Spanish, is unable to represent himself in this action. Furthermore, Petitioner submits his state appellate brief and, from this, it appears that he has cognizable claims for habeas relief. For this reason, the interests of justice justify the appointment of counsel. Accordingly, Petitioner's request for the appointment of counsel is GRANTED.[2]

In light of the foregoing, the Court orders as follows:

1. Petitioner's motion to proceed IFP is GRANTED.

2. Petitioner's request for appointment of counsel is GRANTED.

3. In the interests of justice and good cause appearing, and pursuant to 18 U.S.C. § 3006A(g), this matter is hereby REFERRED to the Federal Public Defender's Office to represent Petitioner or find counsel to be appointed to represent him.

---

[2] Petitioner has established his indigency in connection with his IFP application (docket no. 5).

Counsel should file a petition if warranted. The Clerk of Court shall send a copy of this Order to the Federal Public Defender's Office and to Petitioner.

4. Within sixty (60) days from the date counsel is appointed, counsel shall file a petition for a writ of habeas corpus, or inform the Court that a petition is not warranted.

5. The Court will set a briefing schedule when counsel files the petition.

6. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than ten (10) days prior to the deadline sought to be extended.

7. This Order terminates Docket nos. 2 and 5.

IT IS SO ORDERED.

Dated: 3/21/2014

CLAUDIA WILKEN
United States District Judge